WILLIAM R. THOMPSON and R. THOMPSON *vs.* JOHN THOMPSON.

Count upon an account stated necessary to meet evidence of a promise to pay a mere balance without proof of items.

ASSUMPSIT. The narr. contained a count for goods sold and delivered; one for money lent and advanced; for money paid, laid out and expended; and for money had and received. There was no count on an account stated. The pleas were, non-assumpsit, payment, discount, and the act of limitation.

Plaintiffs proved a presentment of their bill to defendant in August, 1835, who said it had been of long standing, and he had been much favored by plaintiff's indulgence. He then promised payment.

The account was drawn off thus:

"John Thompson, to William R. Thompson & Co., Dr.

To balance of account, $125 36."

*Bayard.*—In every case of assumpsit the party must show a consideration for the promise. This account contains no items, and does not show any consideration. I deny that a promise to pay a mere balance without any thing else appearing, is a valid promise, for there is no consideration proved. It is nudum pactum.

*Hamilton.*—The narr. is for goods sold and delivered. The account presented is for a balance due on account of such sale, and there is proof of a promise to pay that balance. Such promise is binding,

*Bayard.*—The account does not show that it was for goods sold and delivered.

*By the Court.*—The plea is non-assumpsit to counts for goods sold and delivered, money lent, money paid, and money had and received: and the proof is of a promise to pay the balance of an account stated without specification of items. Thus far there is no proof of a sale

of goods, and the evidence of a promise is applicable only on the supposition that an account had been stated between the parties, and a promise by the defendant to pay the balance. But there is no count on an account stated.

We shall tell the jury, however, that if they have other evidence that this balance claimed was for goods sold and delivered, they may find for the plaintiffs; but on the present evidence we should have to direct a verdict for defendant.

The plaintiffs finally recovered.

*Hamilton*, for plaintiffs.
*J. A. Bayard*, for defendant.